UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-162** |
| **JAMES ALTON OLINDE, JR.** | **SECTION I** |

### ORDER & REASONS

Before the Court are James Olinde, Jr.'s ("Olinde") motion[1] for appointment of counsel and motion[2] to modify his sentence, pursuant to 18 U.S.C. § 3584(c)(1)(A). The government opposes[3] the latter motion. For the reasons that follow, the motion to appoint counsel will be denied, and the motion to modify sentence will be dismissed without prejudice.

### I.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) like Olinde's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance,

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 39.
[3] R. Doc. No. 41.

J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").

The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(1)(A)(i) motion on appeal)) (internal citation and alterations omitted). "[A] claim for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020). Therefore, the interests of justice do not require that the Court appoint counsel for Olinde.

## II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Failure to satisfy this prerequisite is not jurisdictional but is a mandatory claim-processing rule that must be enforced if invoked by the government. *United States v. Franco*, 973 F.3d 465, 465–69 (5th Cir. 2020). The defendant bears the burden of demonstrating that he has exhausted administrative remedies. *United States v. Metz*, No. 92-469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020) (Africk, J.).

The government asserts that Olinde has failed to exhaust administrative remedies either by exhausting the Bureau of Prisons internal administrative processes or by serving his request on the warden and allowing 30 days to pass after serving a request on the warden of the facility where he has housed.[4] Accordingly, the government submits that the Court should dismiss Olinde's motion without prejudice.[5] The Court will do so. If Mr. Olinde exhausts administrative remedies, as described above, he may file a new motion for compassionate release.

### III.

For the reasons stated herein,

**IT IS ORDERED** that the motion to appoint counsel is **DENIED**.

---

[4] R. Doc. No. 41, at 5.
[5] *Id.* at 6.

**IT IS FURTHER ORDERED** that the motion to modify sentence is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, February 16, 2022.

                                              **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**